IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**MENGYANG LI,**

    Plaintiff,

v.                         CIVIL ACTION NO.: 3:19-CV-216 (GROH)

**SHEPHERD UNIVERSITY,**

    Defendant.

**ORDER GRANTING SHEPHERD UNIVERSITY'S RE-FILED MOTION TO DISMISS**

This employment discrimination action arises from *pro se* Plaintiff Mengyang Li, an employee of Defendant Shepherd University, alleging discrimination, harassment and retaliation on the basis of age, race and national origin in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") and the Age Discrimination in Employment Act ("ADEA"). Currently, before the Court is Shepherd University's Re-filed Motion to Dismiss and Motion to Abstain. ECF No. 37. The Plaintiff timely filed a Response in opposition. For the following reasons, the Court grants Defendant's Motion to Dismiss.

### I. Factual and Procedural Background

The following facts are taken in the light most favorable to the non-moving party. *Pro se* Plaintiff, Mengyang Li, Ph.D., is a naturalized United States citizen whose country of origin is China. In 2008, Plaintiff began his employment with Defendant Shepherd University as an Assistant Professor in the Department of Chemistry. From fall of 2014 to May 2019, Plaintiff experienced discrimination and harassment from his departmental colleagues and University officers.

While continuously experiencing workplace discrimination and harassment, Plaintiff applied for tenure twice. According to the University's 2017-2018 Faculty Handbook, a faculty member may be considered for tenure if he or she meets eight minimum qualifications. One of these minimum qualifications requires "[s]cholarly work accomplished during the term of Associate Professor rank as evidenced by refereed publications, funded refereed external grants, juried performances, or juried exhibitions." ECF No. 8-1 at 14. On May 3, 2017 and April 23, 2018, Plaintiff's applications for promotion to tenured Professor were denied because he did not have any refereed publications while in rank as an Associate Professor. See ECF Nos. 5-1 at 52–53 & 5-2 at 10–11.

On October 20, 2017, Plaintiff filed a complaint with the West Virginia Public Employee Grievance Board ("WVPEGB") after seeking redress through the University's internal grievance process. Therein, Plaintiff alleged that Defendant violated and misinterpreted the minimum qualifications for promotion to tenured Professor. In addition, Plaintiff alleged that Defendant discriminated against and harassed him during the promotion application process. After proceeding through grievance Levels 1, 2, and 3, Plaintiff's grievance was dismissed on January 29, 2019 for untimely filing under the applicable statutory procedures. On January 24, 2020, the Circuit Court of Kanawha County, West Virginia affirmed the WVPEGB's final order on this grievance. The thirty-day period for Plaintiff to appeal this decision to the West Virginia Supreme Court of Appeals has expired.

On May 27, 2018, Plaintiff filed his second grievance with the WVPEGB, protesting

the denial of his second application for tenure promotion and related allegations of discrimination and harassment. On September 26, 2018, the WVPEGB ordered that this grievance be held in abeyance pending the resolution of his first grievance. Thereafter, Defendant moved for dismissal of this grievance based on untimeliness. However, on April 23, 2019, the WVPEGB issued an order denying Defendant's motion. To date, a Level 1 hearing has not been held on this grievance.

After filing grievances with the WVPEGB, Plaintiff filed suit in state and federal court. On May 31, 2019, Plaintiff filed suit in the Circuit Court of Jefferson County, West Virginia. In this complaint, Plaintiff asserted discrimination, harassment and retaliation claims pursuant to the West Virginia Human Rights Act. During the pendency of the state court matter[1], Plaintiff subsequently filed the instant action before the Court on December 23, 2019. In the instant complaint, Plaintiff presents the same factual allegations set forth in his state court case and asserts claims pursuant to the ADEA, 18 U.S.C. §§ 1621 and 1623 and Title VII. As relief, Plaintiff seeks compensation for professional, financial and emotional damages. In addition, Plaintiff appears to seek an injunction to (1) "right the wrong of denying [his] promotion;" (2) stop Defendant from engaging in future discrimination, harassment and retaliation based on age, race, and national origin; (3) change the hostile work environment he has experienced over the years; and (4) take disciplinary action against the alleged perpetrators of discrimination and harassment. See ECF No. 1 at 29.

---

[1] The Circuit Court of Jefferson County, West Virginia dismissed the Plaintiff's complaint on February 28, 2020. See ECF No. 15-1.

## II. Standard of Review

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a defendant to challenge the complaint's sufficiency in this regard by moving to dismiss a complaint for failing "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Although the pleading standard under Rule 8 "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 555). Thus, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancements.'" Id. (quoting Twombly, 550 U.S. at 555, 557).

When reviewing a Rule 12(b)(6) motion, the court assumes that the complaint's well-pleaded allegations are true, resolves all doubts and inferences in favor of the plaintiff and views the allegations in a light most favorable to the plaintiff. Edwards v. City of Goldsboro, 178 F.3d 231, 243-44 (4th Cir. 1999). Only factual allegations receive the presumption of truth. Iqbal, 556 U.S. at 678-79. A court may also consider facts derived from sources beyond the four corners of the complaint, including documents attached to the complaint, documents attached to the motion to dismiss "so long as they are integral to the complaint and authentic" and facts subject to judicial notice under

4

Federal Rule of Evidence 201. Philips v. Pitt Cty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). Accordingly, a Rule 12(b)(6) motion should not be granted unless it appears beyond doubt that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief. Migdal v. Rowe Price-Fleming Intern., Inc., 248 F.3d 321, 325 (4th Cir. 2001).

Similarly, a party may move for dismissal on lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). "When a defendant challenges subject matter jurisdiction pursuant to Rule 12(b)(1), the district court is to regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment. The district court should grant the Rule 12(b)(1) motion to dismiss only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." Evans v. B.F. Perkins Co., a Div. of Standex Int'l Corp., 166 F.3d 642, 647 (4th Cir. 1999) (internal quotations and citations omitted). On such motions, the plaintiff has the burden of proving that subject-matter jurisdiction exists. Id.

### III. Discussion

#### A. ADEA Claim

Pursuant to Fed. R. Civ. P. 12(b)(1), Defendant argues the Court lacks subject-matter jurisdiction over Plaintiff's ADEA claim because it is an arm of the State of West Virginia, entitled to sovereign immunity under the Eleventh Amendment of the United States Constitution. The Eleventh Amendment of the United States Constitution provides that "[t]he Judicial power of the United States shall not be construed to extend

to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. The Supreme Court has historically interpreted the Constitution to "not provide for federal jurisdiction over suits against nonconsenting States." See Kimel v. Fla. Bd. of Regents, 528 U.S. 62, 73 (2000); see also Port Auth. Trans-Hudson Corp. v. Feeney, 495 U.S. 299, 304 (1990). In addition, the Supreme Court has concluded that the ADEA does not abrogate the State's Eleventh Amendment immunity. Kimel, 528 U.S. at 67. Similarly, in City of Morgantown v. Ducker, 168 S.E.2d 298 (W. Va. 1969), the Supreme Court of Appeals of West Virginia recognized the Board of Governors of West Virginia University as an arm of the State of West Virginia, holding that it was immune from suit. Here, it is undeniable that Defendant, a public-funded university, is an arm of the State.

Although state entities are entitled to sovereign immunity, the Eleventh Amendment will not bar suit if this immunity is waived. A state entity can waive its immunity either "(1) directly by statutory or constitutional provision or (2) constructively…on the state's consent to suit in federal court." Westinghouse Elec. Corp. v. W. Virginia Dep't of Highways, 845 F.2d 468, 470 (4th Cir. 1988). The Court finds that neither means of waiver occurred here. First, the West Virginia Constitution unequivocally provides that "[t]he state of West Virginia shall never be made defendant in any court of law or equity, except the state of West Virginia, including any subdivision thereof, or any municipality therein, or any officer, agent, or employee thereof, may be made defendant in any garnishment or attachment proceeding, as garnishee or

6

suggestee."  W. Va. Const. art. VI, § 35; see also id. ("The West Virginia Constitution contains no provision subjecting the state to suit in federal court.").   Second, there is no suggestion that Defendant has consented to suit in this Court.   See Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd., 527 U.S. 666, 676 (1999) (explaining that waiver is found either when the State voluntarily invokes jurisdiction or makes a clear declaration that it intends to submit itself to federal jurisdiction).   The plaintiff offers no pertinent legal authority or persuasive argument to the contrary.   Thus, Plaintiff's ADEA claim is barred by sovereign immunity, and the Court lacks jurisdiction over this claim.   Accordingly, Defendant's motion is granted with respect to Plaintiff's ADEA claim.

### B.  Claims Pursuant to 18 U.S.C. §§ 1621 and 1623

Pursuant to Fed. R. Civ. P. 12(b)(6), Defendant argues that Sections 1621 and 1623 do not provide a basis for civil liability, and therefore Plaintiff's claims under these statutes should be dismissed as a matter of law.   The Supreme Court consistently holds that "a bare criminal statute," with no indication of civil enforcement, does not give rise to a private cause of action.   See Cort v. Ash, 422 U.S. 66, 80 (1975); see also Cent. Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A., 511 U.S. 164, 190 (1994) ("We have been quite reluctant to infer a private right of action from a criminal prohibition alone…").   On their face, Sections 1621 and 1623 are purely criminal statutes that do not provide a means for recovering civil damages.   See United States v. Endo, 635 F.2d 321, 322 (4th Cir. 1980) (finding that the federal laws of perjury and false declarations are closely related and substantially similar).   Furthermore, Congress enacted both statutes in order to facilitate the prosecution of perjuries committed in federal proceedings.   See

7

Bronston v. United States, 409 U.S. 352, 357 (1973) ("The statute, 18 U.S.C. § 1621,…is a federal statute enacted in an effort to keep the course of justice free from the pollution of perjury.") (internal quotations omitted); see also Dunn v. United States, 442 U.S. 100, 107–08 (1979) (recognizing Section 1623 as a "response to perceived evidentiary problems in demonstrating perjury" under Section 1621).

In alignment with the Supreme Court's statutory and legislative interpretation of these criminal statutes, district courts within the Fourth Circuit have also found civil liability unavailable. Holman v. Stefano, 2010 WL 3814589, at *6 (D.S.C. Mar. 1, 2010), report and recommendation adopted sub nom. Holman v. Wooten, 2010 WL 3895684 (D.S.C. Sept. 30, 2010) (dismissing *pro se* plaintiff's claims under § 1623 and other criminal statutes because she had failed to show that she a private cause of action under statutes); Brown v. United States, 2019 WL 3753193, at *6 (E.D.N.C. May 10, 2019), report and recommendation adopted, 2019 WL 3783271 (E.D.N.C. Aug. 12, 2019) (recognizing that the criminal statute for perjury does not give rise to a private cause of action); Atiemo v. Proctor, 2016 WL 7012300, at *1 (D. Md. Dec. 1, 2016) (holding that a complaint alleging violations under Sections 1621 and 1623 cannot be sustained as a matter of law). Plaintiff's Response did not address these arguments. Because there is clearly no civil remedy for the alleged violations of these criminal statutes, Plaintiff has failed to state a claim upon which relief can be granted. Accordingly, Defendant's motion is granted with respect to Plaintiff's claims under Sections 1621 and 1623.

### C. Title VII Claims

Lastly, Pursuant to Fed. R. Civ. P. 12(b)(1), Defendant argues that Plaintiff's Title

VII claims should be dismissed for lack of jurisdiction because he failed to exhaust his administrative remedies.  See Hentosh v. Old Dominion Univ., 767 F.3d 413, 416 (4th Cir. 2014) (explaining that failure to exhaust administrative remedies deprives federal courts of subject matter jurisdiction over Title VII claims).  In support, Defendant avers that Plaintiff did not fully comply with the WVPEG procedure, which requires employees to appeal an adverse decision of the administrative law judge to the Circuit Court of Kanawha County.  See W. Va. Code § 6C-2-5.  Furthermore, Defendant argues that exceptions to the exhaustion requirement, including the exception announced in Weimer v. Sanders, 752 S.E.2d 398 (W. Va. 2013) do not apply here.  Plaintiff avers that his grievance was split in two, and he did exhaust the first.  Plaintiff apparently concedes that his second grievance remains pending before WVPEGB.

Although Plaintiff has initiated proceedings in state court and received a right-to-sue letter from the Equal Employment Opportunity Commission, there is a clear preference to fully resolve employment grievances through the statutorily provided procedure.  See W. Va. Code § 6C-2-1(b) (providing that "[r]esolving grievances in a fair, efficient, cost-effective and consistent manner will maintain good employee morale, enhance employee job performance and better serve the citizens of the State of West Virginia.").  Based on the legislative intent of the grievance procedure, West Virginia courts have consistently dismissed claims for failure to exhaust administrative remedies when grievants have initiated proceedings before the WVPEGB and failed to appeal adverse Level 3 decisions.  Subramani v. W. Virginia Univ. Bd. of Governors, 2015 WL 7628720 (W. Va. Nov. 20, 2015) (unpublished memorandum decision); Redd v. McDowell

Cty. Bd. of Educ., 2016 WL 2970303 (W. Va. May 20, 2016) (unpublished memorandum decision); Ragione v. Bd. of Educ. of Preston Cty., 2018 WL 300576 (W. Va. Jan. 5, 2018) (unpublished memorandum decision).  Here, Plaintiff has not satisfied the jurisdictional requirements to bring his Title VII claims in federal court.  Plaintiff has filed two grievances before the WVPEGB, but neither of these grievances have completed the statutorily provided grievance procedure.  Plaintiff's first grievance was appealed to the Circuit Court of Kanawha County, West Virginia, in accordance with W. Va. Code § 6C-2-5.  However, Plaintiff failed to pursue this grievance further and file an appeal with the West Virginia Supreme Court of Appeals within thirty days of receiving an adverse decision from state court.  Plaintiff's failure to exhaust administrative remedies on his first grievance has in turn placed his second grievance in abeyance pending resolution.  Because Plaintiff's grievances are still pending resolution before the WVPEGB and state court, the Court finds that Plaintiff has not properly exhausted his administrative remedies.  Accordingly, Defendant's motion is granted with respect to Plaintiff's Title VII claims for lack of subject-matter jurisdiction.

### IV. Conclusion

For the aforementioned reasons, the Court **ORDERS** that Defendant's Re-filed Motion to Dismiss [ECF No. 37] is hereby **GRANTED**.  The Court further **ORDERS** that this action be **DISMISSED WITH PREJUDICE**.

Because Defendant's Motion to Dismiss has been granted in its entirety, and there are no remaining claims in this matter, Defendant's Motion to Abstain is **DENIED** as **MOOT**.

The Clerk of Court is **DIRECTED** to strike this matter from the Court's active docket. The Clerk is further **DIRECTED** to transmit copies of this Order to *pro se* Plaintiff by certified mail, return receipt requested, and to all counsel of record herein.

**DATED:** August 11, 2020

*/s/ Gina M. Groh*
GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE